UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| STEPHEN CRAIG COMBS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 7:15-CV-00075-JMH |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| CAROLYN V. COLVIN, ) | **AND ORDER** |
| ACTING COMMISIONER OF ) | |
| SOCIAL SECURITY ) | |
| ) | |
| Defendant. | |

\*\*\*\*       \*\*\*\*       \*\*\*\*       \*\*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits. [Record Nos. 10, 11][1]

## I. FACTUAL AND LEGAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on July 8, 2013. [Administrative Record (hereinafter, "AR") at 95.] Plaintiff also filed an application for Supplemental Security Income on July 11, 2013. [AR at 366.] Plaintiff alleged the onset of his disability on May 31, 2012, due to chronic back pain, shortness of breath, hearing loss, knee pain, and chronic obstructive pulmonary disease ("COPD").

---

[1] This is not a traditional Rule 56 motion for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

[AR at 56, 372.][2,3,4] Plaintiff's applications were denied upon initial application, and upon reconsideration. [AR at 56-62, 372-378.] Upon Plaintiff's request, a hearing on his application was conducted on October 6, 2014, before Administrative Law Judge ("ALJ") Bonnie Kittinger. [AR at 73-77.] His application was subsequently denied by the ALJ in a decision dated January 12, 2015. [AR at 17-25.] The Appeals Council denied Plaintiff's request for review on June 18, 2015, and the ALJ's decision became the final report of the Commissioner. [AR at 10-12.] Plaintiff has timely pursued and exhausted his administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. §405(g). [*See* AR at 10-16.]

Plaintiff was 50 years old at the time of the final decision by the ALJ. [*See* AR at 23.] He has a GED and past relevant work experience as a Shuttle Car Operator and a Roof Bolter. [AR at 24, 35.] Plaintiff has not engaged in substantial gainful activity since May 31, 2012, but testified that he performed some work in the summer of 2013. [AR at 19, 424-425.]

---

[2] Plaintiff amended the date of his alleged disability onset to May 31, 2013 at his October 6, 2014 administrative hearing [AR at 99, 420-421.]
[3] While Plaintiff cites hearing loss as a part of his assertion that he is disabled, the record only contains little documentation supporting this assertion. Two evaluations, both conducted on August 21, 2013, indicate that Plaintiff's hearing loss correlated to between 0%-2% impairment of the whole person. [AR 230, 294.]
[4] When asked by the ALJ what would prevent Plaintiff from working, he specified trouble breathing and pain in his knees and back. [AR at 424-425.]

Medical records from Mountain Comprehensive Health Corporation ("MCHC") reveal that Plaintiff was first diagnosed with low and chronic back pain in October 2004. [AR at 210-211, 256-258.] An examination demonstrated a slight narrowing of Plaintiff's disk space at L5-S1. [AR 210, 257.] Approximately two months later, an MRI did not show significant degenerative disc disease, facet disease, herniation, or bulge. [AR at 210-211, 257.] Plaintiff continued to report instances of back pain throughout the rest of 2004, but the record does not contain documentation noting further complaints of back pain until 2007. [*See* AR at 227, 255-275.] Plaintiff's records demonstrate that he has had COPD since at least July 2008. [AR at 253-254.]

Medical records indicate that Claimant's more recent complaints associated with his alleged disabling conditions reemerged in late-2011 and 2012. [*See* AR at 238.] Plaintiff has primarily sought care for his symptoms with Dr. Byron Thomas at MCHC. In notes from a December 2, 2011, appointment, Dr. Thomas noted Plaintiff's complaints of shortness of breath and a persistent cough. [AR at 239.] Upon a physical examination, he noted that Plaintiff's lungs were clear to auscultation, and his respiratory effort was normal. [AR at 240.] That same examination revealed that Plaintiff was negative for back and joint pain, and he was found to have normal range of motion, muscle strength, and stability in all his extremities without

pain upon inspection. [AR at 239-240.] The record establishes that Plaintiff's next medical appointment with Dr. Thomas was approximately 10 months later, on October 2, 2012, concerning a complaint that was unrelated to his asserted disabling conditions. [AR at 235.] On August 30, 2013, Dr. Thomas opined that Plaintiff had end-stage lung disease, and that he would need to use Dulera and supplemental oxygen at home. [AR at 232.]

    Approximately one week later, on September 7, 2013, Plaintiff was examined by Dr. Dennis Williams of the Department for Disability Determination. [AR at 288-293.] Plaintiff stated his shortness of breath limited his mobility when climbing steps or walking more than 150 feet. [AR at 288-289.] Plaintiff also stated to Dr. Williams that he smoked one to two packs of cigarettes per day for approximately the last 35 years. [AR at 289.] Upon examination, Dr. Williams found that Plaintiff had diffuse wheezing bilaterally, but he had normal posture and gait with strength in his extremities at 5/5 throughout. [AR at 290.] Based upon his findings, Dr. Williams concluded that Plaintiff had the ability to perform activities involving sitting, standing, handling objects, hearing, speaking, lifting, and carrying objects. [*Id.*] Dr. Williams concluded that Plaintiff would have difficultly performing tasks that required strenuous exertion such as prolonged walking but noted that Plaintiff did

not use a mobility assisting device for ambulation or appear to be in need of one. [*Id*.]

On March 19, 2014, Plaintiff underwent a Pulmonary Function Study Report, which determined that while his lungs had no restriction, moderate obstruction was present. [AR at 302.] On March 24, 2014, Plaintiff reported that although symptoms associated with his COPD occurred daily, they were mild and fairly well controlled [AR at 321.] The record reveals one additional instance where Plaintiff reported shortness of breath, but additional medical records from April to July 2014 do not reference Plaintiff's complaints of trouble breathing. [*See* AR at 303-318.]

On April 23, 2014, Claimant underwent an MRI which revealed a mild degenerative annular bulge at L2-L3. [AR at 310.] Additional medical records from April to July 2014 indicate that Plaintiff reported instances of back pain that were occasionally relieved by medication. [*See* AR at 303-346.]  Between July 10, 2014, and the administrative hearing on October 6, 2014, the record does not contain evidence indicating that Plaintiff sought medical assistance.

Plaintiff was present and testified at the administrative hearing. He testified that the pain in his back only allows him to stand for 10 to 15 minutes, and that he has to lie down for approximately one hour 4 to 5 times a day. [AR at 427, 432.] He

further testified that his left knee needed to be propped up because it would constantly swell when he tried to walk. [AR at 431.] Plaintiff also testified about his difficulty breathing, stating that it bothered him all the time, requiring him to use supplemental oxygen and inhalers as result. [AR at 432-433.][5]

The ALJ concluded that Plaintiff had severe impairments of degenerative disc disease, COPD, and pneumoconiosis. [AR at 20.] However, the ALJ opined that while Plaintiff could not perform any past relevant work, he had the Residual Functional Capacity ("RFC") to perform light work. [AR at 21, 23.]  "Light work" is defined in 20 CFR 404.1567(b) and 416.967(b) as follows: the ability to lift/carry 20 pounds occasionally and ten pounds frequently, stand/walk up to six hours, and sit at least six hours in an eight-hour day. [AR at 21.] The ALJ stated that Plaintiff was able to climb ramps and stairs, stoop, kneel, crouch, and occasionally crawl, but that he should not climb ladders, ropes or scaffolds. Plaintiff was also to avoid concentrated exposure to noise, vibration, fumes, odors, dusts, gases, and poor ventilation, as well as hazards including dangerous machinery and unprotected heights. [*Id.*]

A vocational expert also testified at the administrative hearing. [*See* AR at 435-439.]  The ALJ asked the vocational

---

[5] Plaintiff also testified about his symptoms associated with depression at the administrative hearing, but he stated that he never took anti-depressant medication or received counseling. [AR at 429.]

expert to assume a hypothetical individual of Plaintiff's age, education, and previous work experience, who could only perform a light range of work. [AR at 436.][6] Using this hypothetical, the vocational expert concluded that such a person would not be able to perform any of Plaintiff's past work. [*Id*.] However, the vocational expert stated that this person would still be able to perform work at the light exertional level. [*Id*.] The vocational expert provided examples of jobs that could be performed at this level, such as an inspector, sorter, or packer. [AR at 436-437.]

**II. OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental

---

[6] The ALJ's use of the phrase "light range of work" is identical to "light work," which is defined in the preceding paragraph.

> demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir.1994)(citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a

scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip,* 25 F.3d at 286.

## IV. ANALYSIS

Plaintiff argues that, in reaching the determination that he was not disabled, the ALJ failed to give appropriate weight to his subjective complaints of pain. Plaintiff also takes the position that the ALJ's decision was not supported by substantial evidence. In considering a disability claim, a claimant's statements about the intensity, persistence, and limiting effects of their symptoms will be considered. 20 C.F.R. 404.1529(c)(4). However, such statements about pain or symptoms alone will not establish disability, and will be evaluated in relation to objective medical evidence and other evidence, in reaching a conclusion as to whether disability exists. *Id.* In analyzing a claimant's subjective complaints "[t]here is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).

Plaintiff testified during the administrative hearing about his symptoms. In broad terms, he expressed that his symptoms severely limited his mobility, required him to lie down and rest for prolonged periods throughout the day, and necessitated the

use of supplemental oxygen and an inhaler. [*See* AR 423-433.] Plaintiff also testified about his personal life and daily activities. Plaintiff stated that, upon being laid off from his last job, he drew unemployment compensation until it was no longer available to him. [AR at 424.] Plaintiff stated that he takes care of his personal hygiene and that he does a few chores around the house on a good day. [AR at 428-429.] Medical records provided by Plaintiff support his claim that he experiences these symptoms. However, when considered as a whole, the record does not support Plaintiff's testimony describing the intensity, persistence, and limiting effects of his symptoms.

In this matter, the ALJ concluded the Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely credible [AR at 23.] To bolster this determination, the ALJ opined that Plaintiff had sought infrequent treatment for his alleged impairments. [*Id*.] The ALJ also observed that recent medical appointments yielded results in conflict with Plaintiff's summary of symptoms. The ALJ noted a March 24, 2014, appointment where Plaintiff stated that his COPD symptoms were mild and fairly well controlled with medication. [*Id*.] She further observed that while Plaintiff had been treated for back pain, a September 7, 2013, appointment with Dr. Williams revealed that he had a normal gait, normal strength, full range of motion, normal reflexes, and normal

sensation. [*Id.*] Dr. Williams also found that Plaintiff would have the ability to sit, stand, handle objects, and lift and carry objects. [AR at 22-23.] Similarly, an April 23, 2014, MRI had only revealed mild degenerative disc disease. [AR at 23.]

In a case like this, this Court is charged with determining whether there is substantial evidence in the administrative record to support the decision of the Commissioner that Plaintiff is not entitled to benefits for which her application was made and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g). Having considered the evidence of record, the Court is not persuaded that the ALJ erred in his evaluation of the claimant's subjective claims of pain and finds that Plaintiff's subjective complaints about his symptoms were properly considered in making a determination about his disability. The ALJ noted Plaintiff's subjective complaints and, after reviewing the record evidence – namely the medical records from 2013 to 2014 referenced above – which reasonably cast doubt on the extent and limiting nature of those complaints, concluded that they were not entirely credible. That another ALJ or even the undersigned might reach a different conclusion based on the same evidence does not undermine the decision of the ALJ when the decision is reviewed under the substantial evidence standard.

In summary, the ALJ properly considered Plaintiff's subjective complaints about his symptoms but found that they were not entirely credible and could not support a claim for disability when weighed against the objective medical evidence provided in the record.  Thus, the ALJ did not err in basing Combs' residual functional capacity on her assessment of that evidence nor, ultimately, in concluding that Combs was not disabled.

**V. CONCLUSION**

For all the reasons stated above, the decision rendered by the ALJ and adopted by the Commissioner shall be affirmed.

Accordingly, **IT IS ORDERED:**

(1) That the Plaintiff's motion for summary judgment [Record No. 10] shall be, and the same hereby is, **DENIED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED**.

This the 18th day of May, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge